UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

In re:                                    ]   CASE NO. 2:15-bk-06199
                                          ]
ROBERT GORDON ROY and                     ]   CHAPTER 13
LOUISE MARIE-THERESE                      ]
VANDE WIELE,                              ]
                                          ]
    Debtors.                              ]
                                          ]
                                          ]

## JOINDER IN SUPPORT OF TRUSTEE'S REQUEST FOR DISMSSAL

RREF II PEBP Acquisitions, LLC, an unsecured creditor in this case ("RREF"), hereby joins in the Chapter 13 Trustee's Request for Dismissal (DE No. 20), and in support thereof would state to the Court as follows:

The Debtors are ineligible for relief under Chapter 13, as they have non-contingent and liquidated unsecured debts in excess of the amount allowed under 11 U.S.C. Section 109(e).

RREF holds an unsecured claim which is non-contingent and liquidated in the amount of $204,043.81; see, Proof of Claim No. 5. Although the Debtors listed this claim in an unknown amount and scheduled this claim as both contingent and unliquidated, the RREF Claim is neither. The RREF Claim arising out of the personal guaranties executed by the Debtors of the debts incurred by Tanglewood Medical Center, Inc., and all events that were conditions precedent to liability had occurred; the Debtors admitted as much in their answer to the state court Complaint filed by RREF that they were liable on the Claim. *See,* Exhibit F to the RREF Claim. One of the Debtors, Robert Roy, admitted under oath that the amount of the debt owed to RREF was calculable when he executed the Chapter 11 petition filed by Tanglewood Medical Center, Inc.

1

*See*, Exhibit G to the RREF Claim. The Debtors are therefore judicially estopped from asserting that the RREF Claim is contingent or unliquidated. *See, e.g., Matter of Knight*, 55 F.3d 231, 235-6 (7th Cir. 1995).

The IRS has filed an unsecured claim in the amount of $169,692.18; see, Proof of Claim No. 3. Claims filed by the IRS are included in the calculations of allowable unsecured debt under 11 U.S.C. Section 109(e); *see, e.g., Matter of Hammers,* 988 F.2d 32, 34 (5th Cir. 1993).

Additionally, (a) Navient Solutions has filed an unsecured proof of claim in the amount of $12,229.41; see, Proof of Claim No. 4; and (b) Wilson Bank and Trust has filed an unsecured claim in the amount of $9,220.63; see, Proof of Claim No. 7.

Together, these four claims total $395,186.03, which exceeds the limit of $383,175 under 11 U.S.C. Section 109(e), without regard to the other claims listed on the Debtors' Petition—and those other claims, according to the Debtors' Petition, exceed $110,000. As a consequence, the Debtors are ineligible for relief under Chapter 13, and their case should be dismissed.

WHEREFORE, RREF II PEBP Acquisitions, LLC joins in the Request for Dismissal filed by the Chapter 13 Trustee and requests that this case be dismissed and that the Court grant such other relief as the Court deems appropriate.

Respectfully Submitted,

/s/ Joseph R. Prochaska
Joseph R. Prochaska (12760)
Prochaska Quinn & Ferraro, P.C.
401 Church Street, Suite 2600
Nashville, TN  37219
Telephone:  (615) 242-0060
Facsimile:  (615) 242-0124
Email:  joeprochaska@ptqflegal.com

Attorney for RREF II PEBP Acquisitions, LLC

2

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of the foregoing has been served upon all parties requesting notice via the court's electronic filing system, including to the following, this the 2nd day of November, 2015.

U.S. Trustee
United States Trustee
Historic U.S. Courthouse
310 E. Eleventh Street
Fourth Floor
Chattanooga, TN 37402

Steven K. Lefkovitz
Lefkovitz & Lefkovitz
618 Church Street, Suite 410
Nashville, TN 37219

                                                  /s/ Joseph R. Prochaska
                                                Joseph R. Prochaska