UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| In re:<br><br>**ROBERT GORDON ROY and LOUISE MARIE-THERESE VANDE WIELE,**<br><br>Debtors. | **Case No. 15-06199**<br>**Chapter 11**<br>**Judge Marian F. Harrison**<br><br>**FIRST AMENDED CHAPTER 11 PLAN** |
|---|---|

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................ 2
II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ..... 2
     A.  General Overview ...................................................... 2
     B.  Unclassified Claims ................................................... 2
         1.  Administrative Expenses ....................................... 3
         2.  Priority Tax Claims ............................................ 3
     C.  Classified Claims and Interests ..................................... 3
         1.  Classes of Secured Claims ..................................... 3
         2.  Classes of Priority Unsecured Claims .......................... 7
         3.  Class of General Unsecured Claims ............................. 7
         4.  Class(es) of Interest Holders ................................. 7
     D.  Means of Performing the Plan ......................................... 8
         1.  Funding for the Plan .......................................... 8
         2.  Post-Confirmation Management .................................. 8
         3.  Disbursing Agent .............................................. 8
III. TREATMENT OF MISCELLANEOUS ITEMS ........................................ 8
     A.  Executory Contracts and Unexpired Leases ............................ 8
         1.  Assumptions ................................................... 8
         2.  Rejections .................................................... 8
     B.  Changes in Rates Subject to Regulatory Commission Approval .......... 9
     C.  Retention of Jurisdiction ............................................ 9
IV.  EFFECT OF CONFIRMATION OF PLAN .......................................... 9
     A.  Discharge ............................................................ 9
     B.  Revesting of Property in the Debtor .................................. 9
     C.  Modification of Plan ................................................ 10
     D.  Post-Confirmation Status Report ..................................... 10
     E.  Quarterly Fees ...................................................... 10
     F.  Post-Confirmation Conversion/Dismissal .............................. 10
     G.  Final Decree ........................................................ 10

# I.

# INTRODUCTION

Robert Gordon Roy and Louise Marie-Therese Vande Wiele are the Debtors in a Chapter 11 bankruptcy case. On September 2, 2015, Debtors commenced a voluntary bankruptcy case by filing a Chapter 13 petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. § 101 et seq. Debtors converted their Chapter 13 case to a Chapter 11 case on December 3, 2015. This document is the Chapter 11 Plan ("Plan") proposed by the Debtors ("Plan Proponents").

This is a reorganizing plan. In other words, the Proponents seek to accomplish payments under the Plan by using Debtors' regular monthly income. The Effective Date of the proposed Plan is 45 days after confirmation.

# II.

# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.** **General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.** **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

1. **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

There are no administrative claims under the plan except for any quarterly fees owed by the Debtors that may become due between now and the confirmation of the case and the unpaid attorney's fees for Steven L. Lefkovitz, Counsel for the Debtor-in-possession, which are subject to the approval of the Court.

2. **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the order of relief entered in this case.

The following chart lists all of the Debtors' Section 507(a)(8) priority tax claims and their treatment under this Plan:

| Description | Amount Owed | Treatment | |
|---|---|---|---|
| ● Name = Internal revenue Service<br>● Type of tax = Civil Penalty, Income<br>● Tax years = 2009, 2012 - 2014 | $121,824.94 | ● Pymt interval<br>● Pymt amt/interval<br>● Begin date<br>● End date<br>● Interest Rate %<br>● Total Payout Amount | = Monthly<br>= $3,258.24<br>= April 1, 2017<br>= August 1, 2020<br>= 4.00%<br>= $130,329.60 |

3

If the reorganized Debtor substantially defaults on the payments of a tax due to the IRS under the plan, the entire tax debt still owed to the IRS shall become due and payable immediately, and the IRS may collect these unpaid tax liabilities through the administrative collection provisions of the Internal Revenue Code.

**C.      Classified Claims and Interests**

      **1.      Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtors' secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|---|
| 3-A | Secured claim of:<br>• Name = Roundpoint Mortgage Servicing<br>• Collateral description = 3075 Falcon Tr., Cookeville, TN 38506 and adjoining lot<br>• Collateral value = $205,700.00<br>• Priority of security int. = First<br>• Principal owed = $177,488.18<br>• Total claim amount = $177,488.18<br>• Total arrearage = $26,471.59 as of March 1, 2017<br>• Ongoing payment of $1,313.26 includes $935.74 P&I and $377.52 escrow, which may fluctuate | N | Y | • Pymt interval<br>• Pymt amt/interval<br><br><br><br>• Begin date<br><br>• End date<br>• Interest rate<br>• Total payout<br>• Treatment of Lien | = Monthly<br>= $1,313.26 as a long-term continuing debt + arrearage cure payment of $441.19 for 60 months at 0.0% interest<br><br>= April 1, 2017<br><br>= Contract<br>= Contract<br>= Contract<br>= Retained until completion of payments |

| | | | | | |
|---|---|---|---|---|---|
| 3-A | Secured claim of:<br>• Name = Rondpoint Mortgage Servicing<br>• Collateral description = 205 N. Riverside Dr., Carthage, TN 37030<br>• Collateral value = $121,200.00<br>• Priority of security int. = First<br>• Principal owed = $63,272.26<br>• Total claim amount = $63,272.26<br>• Total arrearage = $15,799.60 as of March 1, 2017<br>• Ongoing payment of $768.87 includes $327.54 P&I and $441.33 escrow, which may fluctuate | N | Y | • Pymt interval<br>• Pymt amt/interval<br><br><br><br><br>• Begin date<br>• End date<br>• Interest rate<br>• Total payout<br>• Treatment of Lien | = Monthly<br>= $768.87 as a long-term continuing debt + arrearage cure payment of $263.33 for 60 months at 0.0% interest<br><br>= April 1, 2017<br>= Contract<br>= Contract<br>= Contract<br>= Retained until completion of payments |
| 3-B | Secured claim of:<br>• Name = Wells Fargo<br>• Collateral description = HVAC Unit<br>• Collateral value = $8,933.12<br>• Priority of security int. = First<br>• Principal owed = $8,933.12<br>• Total claim amount = $8,933.12<br>• Total unsecured balance = $27.00 | N | Y | • Pymt interval<br>• Pymt amt/interval<br><br>• Begin date<br><br><br><br>• End date<br>• Interest rate<br>• Total payout<br>• Treatment of Lien | = Monthly<br>= $166.54<br><br>= April 1, 2017<br><br><br><br>= 60 months<br>= 4.5%<br>= $9,992.40<br>= Retained until completion of payments |

| | | | | | |
|---|---|---|---|---|---|
| 3-B | Secured claim of:<br>• Name = Capital One Auto Finance<br>• Collateral description = 2014 Dodge Grand Caravan<br>• Collateral value = $18,000.00<br>• Priority of security int. = First<br>• Principal owed = $21,556.40 less adequate protection payments<br>• Total claim amount = $21,556.40 | N | Y | • Pymt interval<br>• Pymt amt/interval<br><br>• Begin date<br><br><br><br>• End date<br>• Interest rate<br>• Total payout<br><br><br>• Treatment of Lien | = Monthly<br>= $498.87<br><br>= April 1, 2017<br><br><br><br>= 48 months<br>= 5.25%<br>= $23,945.76 including adequate protection pmts<br>= Retained until completion of payments |
| 3-B | Secured claim of:<br>• Name = VW Credit, Inc.<br>• Collateral description = 2014 VW Passat<br>• Collateral value = $23,984.00<br>• Priority of security int. = First<br>• Principal owed = $20,427.58 less adequate protection payments<br>• Total claim amount = $20,427.58 | N | Y | • Pymt interval<br>• Pymt amt/interval<br><br>• Begin date<br>• End date<br><br>• Interest rate<br>• Total payout<br><br><br><br>• Treatment of Lien | = Monthly<br>= $385.50<br><br>= April 1, 2017<br>= 60 months<br><br>= 5.0%<br>= $22,710.60 including adequate protection pmts.<br>= Retained until completion of payments |

| | | | | |
|---|---|---|---|---|
| 3-C | Secured claim of:<br>• Name = RREF II PEBP Acquisitions, LLC<br>• Collateral description = 259 Dixon Springs Hwy., Carthage, TN 37030<br>• Collateral value = $67,990.00 (insurance proceeds)<br>• $60,500 (real property)<br>• Priority of security int. = Second<br>• Principal owed = $204,043.81<br>• Total claim amount = $204,043.81<br>• Total unsecured balance = $75,553.81 | N | Y | Secured creditor shall be entitled to the insurance proceeds valued at $67,990.00 from the fire destroying the real property pursuant to the Compromise and Settlement filed in this case and entered on 7/1/2016, and the Chapter 11 Plan herein. Said insurance proceeds shall be paid upon confirmation of this Chapter 11 Plan, and towards RREF's lien on the real property. If there is a conflict between the Confirmation Order and the Compromise and Settlement filed in this case and entered on 7/1/2016 then the Confirmation Order shall control. Upon confirmation, Debtors shall also surrender their interest in the real property located at 259 Dixon Springs Hwy, Carthage, TN 37030 and shall sell within 90 days of confirmation said real property by public auction utilizing Jim Stevens Realty and Auction Associates. Secured Creditor shall have 30 days from the auction date to file an amended deficiency claim, if different than the estimate provided, and said claim shall be treated with the general unsecured creditors. |

| | | | | |
|---|---|---|---|---|
| 3-D | Secured claim of:<br>• Name = The Voss Law Firm<br>• Collateral description = 259 Dixon Springs Hwy., Carthage, TN 37030<br>• Collateral value = $10.00<br>• Priority of security int. = First<br>• Principal owed = Unknown<br>• Total claim amount = Unknown<br>• Total unsecured balance = Unknown | N | Y | The Voss Law Firm has been scheduled as contingent, unliquidated, and disputed with an unknown amount owed on the Debtors' bankruptcy schedule(s). Debtors' have filed a proof of claim for The Voss Law Firm in the amount of $10 as nominal consideration for any secured amount owed to The Voss Law Firm since Debtors' do not know how much is owed to The Voss Law Firm, if any, and are uncertain if an amount is owed beyond the nominal consideration for work performed. Further, said proof of claim filed by the Debtors and served on The Voss Law Firm by Certified Mail will be accepted and allowed as a claim in the absence of any objection by The Voss Law Firm prior to confirmation even though it was filed after the claims bar date. The Confirmation Order will be the order deeming said proof of claim allowed in that amount. Said insurance proceeds shall be paid in the amount of $10 to The Voss Law Firm upon confirmation of this Chapter 11 Plan and pursuant to the Compromise and Settlement filed in this case and entered on 7/1/2016 and the Confirmation Order. Upon payment in the amount of $10, The Voss Law Firm's lien shall be deemed paid in full. As further consideration, as a result of the treatment of The Voss Law Firm's claim herein, Debtors will not pursue a potential malpractice claim against The Voss Law Firm. If there is a conflict between the Confirmation Order and the Compromise and Settlement filed in this case and entered on 7/1/2016 then the Confirmation Order shall control. |

| 3-E | Secured claim of:<br>• Name = First Freedom Bank<br>• Collateral description = Office Furniture & Equipment<br>• Collateral value = $10,000.00<br>• Priority of security int. = First<br>• Principal owed = $0.00<br>• Total claim amount = $12,307.20<br>• Total unsecured balance = $2,307.20 | N | Y | • The automatic stay shall be terminated and Debtor shall surrender the property to the secured creditor upon confirmation. Creditor shall have 30 days to file an amended deficiency claim, if different than the estimate provided, and said claim shall be treated with the general unsecured creditors |
|---|---|---|---|---|

### 2. Classes of Priority Unsecured Claims

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

There are no Sections 507(a)(3), (4), (5), (6), and (7) priority unsecured claims under this Plan.

### 3. Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing all of Debtor's general unsecured claims:

10

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| 4 | General unsecured claims<br><br>• Total amount of claims = $214,817.39 | Y, Claims in this class are entitled to vote on the plan. | • Pymt interval<br>• Pymt amt/interval<br>• Begin date<br><br>• End date<br><br>• Interest rate<br>• Total payout | = Monthly<br>= $100.00<br>= April 1, 2017<br>= 60 months<br><br>= 0.00%<br>= $6,000.00 |

Monthly payments shall be made on a pro rata basis based on the value of each unsecured claim. Any plan payments returned to the Debtors by unsecured creditors shall become property of the reorganized Debtors.

Debtor is aware that unsecured student loan debts are non-dischargeable. Debtor will make arrangements with Navient Solutions, Inc. and AES Loan Servicing at the conclusion of the Chapter 11 plan in order to arrange payments of the balance of the debts.

### 4. Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder.

The Debtors are individuals in this case.

### D. Means of Performing the Plan

#### 1. Funding for the Plan

The Plan will be funded by the following: Income from husband's employment as a 1099 contract employee by Riverview Regional Medical Center in Carthage, Tennessee.

#### 2. Post-confirmation Management

The Debtors shall be responsible for post-confirmation management.

#### 3. Disbursing Agent

Debtors shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agents shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

A. **Executory Contracts and Unexpired Leases**

 a. **Assumptions**

There are no unexpired leases or executory contracts to be assumed under this Plan.

 b. **Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected:

(i) All executory contracts and leases not explicitly assumed above.

The order confirming the Plan shall constitute an Order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT WAS APRIL 25, 2016.

Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

B. **Changes in Rates Subject to Regulatory Commission Approval**

The Debtors are not subject to governmental regulatory commission approval of its rates.

C. **Retention of Jurisdiction.**

The Court shall retain jurisdiction for purposes of granting a discharge to Debtor, determining any and all objections to the amounts of claims, applications for compensation and

12

expenses, to enforce the provisions of the Plan, to correct any defect, cure any omissions or reconcile any inconsistency in the Plan, and to determine such other matters as may be provided for in the Order of the Court confirming the Plan.

## IV.

## EFFECT OF CONFIRMATION OF PLAN

**A.  Discharge**

Pursuant to 11 U.S.C. §1141(d)(5), in a case in which the Debtors are individuals, Confirmation of the Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all payments under the Plan.  However, §1141(d)(5)(B) provides that at any time after the Confirmation of the Plan, and after notice and a hearing, the Court may grant a discharge to the Debtors before completing all payments under the Plan if (1) the value, as of the Effective Date of the Plan, of property actually distributed under the Plan on account of each Allowed Unsecured Claim is not less than the amount that would have been paid on such Claim if the estate of the Debtors had been liquidated under Chapter 7 on such date, and (2) modification of the Plan under Section 1127 is not practicable.  To determine the amount that would have been paid if the estate of the Debtors had been liquidated under Chapter 7 on the Effective Date of the Plan, please refer to the liquidation analysis contained in the Disclosure Statement.

**B.  Revesting of Property in the Debtor**

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtors.

**C.  Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan.

13

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.     Post-Confirmation Status Report**

The Debtor shall furnish post-confirmation quarterly reports by the 15th of the month following the end of the quarter to the United States Trustee's office and to any creditors requesting same in writing from the Debtor's counsel. This obligation of the Debtor shall continue after the Final Decree is entered in this matter until all Plan payments have been completed.

**E.     Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.     Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the

14

entry of the order of confirmation.

**G.     Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: December 7, 2016

                                    Respectfully submitted,

                                    /s/ Steven L. Lefkovitz, No. 5953
                                    STEVEN L. LEFKOVITZ
                                    Counsel to the Debtor
                                    618 Church Street, Suite 410
                                    Nashville, TN  37219
                                    Phone: (615) 256-8300
                                    Fax:    (615) 255-4516
                                    Email: slefkovitz@lefkovitz.com